UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JEANNINE DARLING,               )
                                )    No. CV-09-5097-JPH
          Plaintiff,            )
                                )
v.                              )    ORDER GRANTING DEFENDANT'S
                                )    MOTION FOR SUMMARY
MICHAEL J. ASTRUE,              )    JUDGMENT AND DENYING
Commissioner of Social Security,)    PLAINTIFF'S MOTION FOR
                                )    SUMMARY JUDGMENT
          Defendant.            )
                                )
                                )
_____)

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 17, 25.) Attorney David Lybbert represents plaintiff; Special Assistant United States Attorney Willy M. Le represents defendant.  The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** plaintiff's Motion for Summary Judgment and **GRANTS** defendant's Motion for Summary Judgment.

### FACTUAL &  PROCEDURAL HISTORY

The facts of the case are set forth in the administrative hearing transcripts, the ALJ decisions, and the briefs of plaintiff and the Commissioner.  Plaintiff was born on June 13, 1956. (Tr. 227.)  She graduated from high school. (Tr. 84, 361.) Plaintiff has work experience as a dishwasher, cashier, fryer and icer in a bakery, construction flagger, and construction laborer. (Tr. 89.) Plaintiff asserted she cannot work because of breathing problems due to asthma, emphysema, and COPD.   (78, 232.)

Plaintiff originally filed applications for disability income benefits under Title II (DIB) and supplemental security income under Title XVI (SSI) on August 17, 2004 and alleged an onset date of

May 8, 2004. (Tr. 69, 198.) Plaintiff's claims were denied and the matter was heard by ALJ Alfred Tymynski on October 6, 2005 in Utica, New York. (Tr. 36.) ALJ Tymynski issued an unfavorable decision on December 5, 2005. (Tr. 36-45.) The Appeals Council denied review of the claim, but the date of denial is not clear from the record.[1] (Tr. 29.) The Notice of Appeals Council action was sent to plaintiff's residence in Utica, New York and to her attorney. (Tr. 29.)

On June 14, 2006, plaintiff filed a second application for SSI with the Utica, New York Social Security office. (Tr. 227.) A July 2007 Appointment of Representative form indicates plaintiff's residence had changed to Benton City, Washington. (Tr. 210.) Plaintiff's second claim for SSI was denied and the matter was heard by ALJ Duncan on June 18, 2008. (Tr. 19.)

ALJ Duncan's July 10, 2008 decision reopened and revised the ruling on plaintiff's first SSI claim for good cause and determined that new and material evidence had been submitted. (Tr. 19.) However, ALJ Duncan declined to reopen and revise plaintiff's previous DIB claim. (Tr. 19.) The ALJ determined good cause was not established, new and material evidence had not been submitted and there was no clear error made by the previous ALJ. (Tr. 19.) ALJ Duncan evaluated the evidence and concluded that the Medical-Vocational Rules for advanced age should apply starting December 13, 2005, the date plaintiff attained age 49 ½. (Tr. 26.) The ALJ determined that before December 13, 2005, there were a significant

---

[1]The Notice of Appeals Council Action has a date stamp indicating "June 5" but the stamp does not include the year the notice was entered. (Tr. 29.) The notice also contains a date stamp noting the document was received by the Spokane ODAR (Office of Disability Adjudication and Review) on May 29, 2008. (Tr. 29.) Plaintiff asserts that "sometime in 2008" the Appeals Council affirmed the unfavorable decision of December 5, 2005. (Ct. Rec. 22 at 11.) Defendant asserts that, "On June 5, 2008, the Appeals Council denied Plaintiff's request." (Ct. Rec. 27 at 5.) Neither of these assertions is supported by the record. The Appeals Council decision was made in New York and later forwarded to the Spokane ODAR office. (Tr. 29-30.) The Spokane ODAR office added the date stamp "received May 29, 2008, Spokane ODAR." (Tr. 29.) The Appeals Council decision would therefore have been made sometime before May 29, 2008. Assuming the June 5 stamp references the date of the Appeals Council decision, the decision must have been made either June 5, 2006 or June 5, 2007. Nonetheless, there is at least some ambiguity regarding the date of the Appeals Council decision denying review.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

number of jobs in the national economy plaintiff could have performed, but starting on December 13, 2005, plaintiff became disabled.  (Tr. 27.)

Plaintiff sought review of the ALJ's decision not to reopen the previous DIB claim.  (Tr. 13.)  On September 25, 2009, the Appeals Council made a fully favorable decision regarding plaintiff's current SSI claim and adopted the ALJ's findings and conclusions for the period at issue, which the Appeals Council determined commenced June 14, 2006, the date of plaintiff's second SSI application.  (Tr. 10-12.)  The Appeals Council concluded that the ALJ's finding of disability beginning on December 13, 2005 was not warranted based on the current application.  (Tr. 11.)  Furthermore, the Appeals Council determined the new evidence submitted with the current application is not material with respect to the findings of the 2005 decision.  (Tr. 11.)  As a result, there was no good cause established for reopening the 2005 SSI decision.  (Tr. 11.)  The Appeals Council also declined to disturb the ALJ's decision not to reopen the DIB claim.  (Tr. 11.)

**JURISDICTION**

Jurisdiction to review the Secretary's decisions regarding disability benefits is governed by 42 U.S.C. § 405(g), which provides for review only of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g) (1988).  When the Appeals Council denies review of claim, the ALJ's decision is a final decision subject to review.  *Sims v. Apfel*, 530 U.S. 103, 106 (2000); *Osenbrock v. Apfel*, 240 F.3d 1157, 1160 (9th Cir. 2001); *McCarthy v. Apfel*, 221 F.3d 1119, 1122 (9th Cir. 2000).*.*  However, when the Appeals Council reviews a claim, the Appeals Council decision is the final decision under § 405(g).  *See Sousa v. Callahan*, 143 F.3d 1240, 1242 n. 3 (9th Cir. 1998); 20 C.F.R. §§ 404.981, 422.210(a).  Thus, this court has jurisdiction over the September 25, 2009 decision of the Appeals Council, which is the final decision of the Commissioner.  The court does not have jurisdiction to review the decision of ALJ Duncan, which in this case is not a final decision of the Secretary.

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere

scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the Secretary may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**ISSUES**

The question is whether the Appeals Council decision is supported by substantial evidence and free of legal error. Plaintiff raises a number of issues, including assignments of error in both ALJ decisions and the decision of the second Appeals Council. (Ct. Rec. 22 at 13-23.) Defendant asserts: (1) the only decision at issue is the Appeals Council decision dated September 25, 2009; (2) the Appeals Council properly determined plaintiff's disability date; and (3) the Appeals Council's decision not to reopen plaintiff's prior claims is not subject to judicial review. (Ct. Rec. 27 at 7-13.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

**DISCUSSION**

**1.     Date of Disability**

The Appeals Council's September 25, 2009 decision was fully favorable with respect to plaintiff's second SSI claim dated June 14, 2006. (Tr. 10-12.) Under Title XVI, benefits are not payable before the date of application. 20 C.F.R.§§ 416.305, 416.330(a); S.S.R. 83-20. The Appeals Council found plaintiff was disabled as of June 14, 2006, the date of her second application. (Tr. 10, 227.) Thus, the Appeals Council's determination of the date of disability as June 14, 2006 is supported by substantial evidence.

Plaintiff argues ALJ Duncan's finding of disability commencing on December 15, 2005 should be upheld because plaintiff may be able to establish a later date last insured. (Ct. Rec. 28 at 1-3.) If plaintiff establishes disability before her date last insured, she may also be entitled to benefits under Title II. *See* S.S.R. 83-20. The record established September 30, 2005 as plaintiff's date last insured. (Tr. 19, 86.) ALJ Duncan's decision indicates plaintiff stated at the hearing she could present evidence of additional earnings which might extend her date last insured. (Tr. 19.) ALJ Duncan gave plaintiff two weeks after the hearing to produce additional evidence of earnings and noted no additional evidence was received in declining to reopen the Title II application. (Tr. 19.) After ALJ's Duncan's July 10, 2008 decision, plaintiff submitted a statement dated September 7, 2008 which contained her recollections about her work history. (Tr. 355-56.) Plaintiff essentially argues a possible recalculation of date last insured would potentially result in additional benefits if the date of disability established by ALJ Duncan had been upheld by the Appeals Council.[2] (Ct. Rec. 28 at 1-3.)

Plaintiff asserts "as part of this cases [sic] procedural history, the Appeals Council advised the Social Security Administration to recalculate the claimant's date last insured." (Ct. Rec. 28 at 2.) Plaintiff also asserts the Appeals Council "has remanded this back for a recalculation of her date last insured" based on allegations that SSA improperly calculated her date last insured. (Ct. Rec. 28 at 2.)

_____

[2]S.S.R. 83-20 provides: "Although important to the establishment of a period of disability and to the payment of benefits, the expiration of insured status is not itself a consideration in determining when disability first began."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

The Appeals Council actually stated, "The Administrative Law Judge did not reopen the prior decision on that [DIB] claim and this issue is not presently before the Council.  These statements questioning the calculation of the claimant's date last insured and her alleged earnings are being forward to the local Social Security office [which] will notify the claimant as to any further action, if warranted, for the claim for disability insurance benefits." (Tr. 11.)  The Appeals Council expressly did not rule on the recalculation of benefits issue and did not "remand" the matter for recalculation.  The regulations indicate reopening may be available to claimant if her earnings record is in fact corrected, but as that issue was not before the Appeals Council, it is also not before the court.  *See* 20 C.F.R. § 404.988(c)(7).  Plaintiff states, "The Appeals Council overturned [the date of disability established by ALJ Duncan] basically because they did not feel that it was a relevant determination." (Ct. Rec. 28 at 2.)  However, once the Appeals Council declined to reopen plaintiff's prior claims, discussed *supra*, no date of disability other than June 14, 2006, the date of the second application for SSI, is authorized by the regulations.

**2.    Reopening of Prior Claims**

Plaintiff asserts a number of arguments in seeking to reopen her prior claims.  The regulations provide that if a claimant is dissatisfied with a determination or decision but does not request review within the stated period, the claimant generally loses the right to further review and the decision becomes final.  20 C.F.R. § 404.987(a).  However, the Commissioner may reopen and revise a prior determination which is otherwise final under certain circumstances.  20 C.F.R. §§ 404.987(b), 404.988.  A prior decision may be reopened within four years of the date of the notice of initial determination if good cause is established.  20 C.F.R. § 404.988(b).  Good cause is established if new and material evidence is furnished, if a clerical error in computation of benefits was made, or the evidence that was considered in making the determination or decision clearly shows on its face that an error was made.  20 C.F.R § 404.989.

ALJ Duncan reopened plaintiff's first SSI application, finding the initial determination on the prior application was made within 2 years of the filing date of the current application and good cause was established by new and material evidence.  (Tr. 19.)  ALJ Duncan declined to reopen or revise the prior DIB application because good cause was not established.  (Tr. 19.)  ALJ Duncan found new

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

and material evidence was not submitted and evidence that was submitted does not show on its face that an error was made.  (Tr. 19.)   The Appeals Council reversed ALJ's Duncan's reopening of the first SSI application, concluding that the new evidence submitted with the current application is not material and that good cause was not established.  (Tr. 11.)  The Appeals Council did not disturb ALJ Duncan's finding that good cause was not established to reopen the DIB application.  (Tr. 11.)

Plaintiff argues that good cause was established to reopen the prior claims.[3]  (Ct. Rec. 22 at 13-21.)  Specifically, plaintiff asserts (1) new and material evidence was submitted which shows error on the face of ALJ Tyminksi's decision; (2) both ALJs erred in establishing an RFC; (3) both ALJs erred by failing to consider vocational testimony; (4) ALJ Duncan erred in assessing the medical evidence; and (5) both ALJs failed to properly consider plaintiff's testimony.  (Ct. Rec. 22 at 13-19.)  Plaintiff also argues the date last insured of September 30, 2005 was improperly calculated.  (Ct. Rec. 22 at 19-20).  Plaintiff seeks remand to obtain vocational testimony, for reconsideration of medical evidence, and a determination that new and material evidence was submitted justifying a reopening of the unfavorable decision of ALJ Tyminski or that the decision was incorrect on its face.  (Ct. Rec. 22 at 21.)

---

[3]When the Appeals Council denied review of the December 5, 2005 Tyminski decision, that decision became a final decision of the Secretary.  *See Sims*, 530 U.S. at 106.  A claimant may institute a civil action to obtain judicial review of an ALJ's decision within 60 days of the Appeals Council's notice of denial of request for review.  42 U.S.C. § 405(g); 20 C.F.R. § 422.210.  The 60 day filing period is a statute of limitations, not a jurisdictional requirement.  *Bowen v. City of New York*, 476 U.S. 467, 469 (1986).  Plaintiff did not file a civil action within the period required to obtain judicial review of that matter.  The regulations provide for extension of the time for filing to obtain judicial review by the Appeals Council upon a showing of good cause.  20 C.F.R. § 422.210(c).  A request to extend the period for filing a civil claim is also a discretionary decision of the Secretary, not subject to judicial review.  *Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990).  The request to reopen a disability claim under *Sanders* is analytically indistinguishable from plaintiff's request to extend the period for filing a civil claim for review.  *See Peterson v. Califano*, 631 F.2d 628, 630 (9th Cir. 1980).  As a result the good cause and due process analysis is the same, to the extent plaintiff made those arguments.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

Since the only final decision subject to the review of the court is the Appeals Council's decision, and because the Appeals Council's decision was fully favorable on the current SSI claim, the Appeals Council's decision not to reopen plaintiff's prior claims is the only issue potentially before the court.   The general rule is that the Secretary's decision not to reopen a claim for benefits is not a "final decision" within the meaning of § 405(g), and therefore courts lack jurisdiction to review a decision not to reopen. *Califano v. Sanders*, 430 U.S. 99 , 109 (1977); 20 C.F.R. § 404.903(l). Under the general rule, the court does not have jurisdiction to review the Appeals Council's decision not to reopen plaintiff's prior claims.  In that case, all of plaintiff's arguments regarding the various asserted deficiencies of the ALJ decisions and good cause are moot.

However, there is a limited exception to the general rule when the claimant has challenged the decision not to reopen on constitutional grounds. *Id.*  The *Sanders* exception applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination. *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997), citing *Panages v. Bowen*, 871 F.2d 91, 93 (9th Cir. 1989).  A challenge that is not "wholly insubstantial, immaterial, or frivolous" raises a colorable constitutional claim.  *Boettcher v. Sec'y of Health & Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985). However, the mere allegation of a substantive due process violation is not sufficient to raise a "colorable" constitutional claim to provide subject matter jurisdiction.  *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir.1992).  Thus, if plaintiff established a colorable constitutional claim, this court has jurisdiction to review the Appeals Council's decision not to reopen prior claims.

As pointed out by defendant, plaintiff's initial pleading does not mention due process or any other constitutional claim.  (Ct. Rec. 22, Ct. Rec. 27 at 8.)   Plaintiff first raises the constitutional issue of inadequate due process in the Reply Brief, suggesting that notice of the first Appeals Council decision not to review ALJ Tyminski's December 5, 2005 decision was mailed to an out-of-date address.  (Ct. Rec. 28 at 4.)  The regulations provide that a civil action must be commenced within sixty days after notice of the Appeals Council decision "is received by the individual." See 20 C.F.R. §§ 422.210(c), 404.981, 416.1481.  Receipt of notice of the Appeals Council decision is presumed five days after the date of notice, unless there is a reasonable showing to the contrary; and that notice

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

1    sent to the individual's representative has the same force and effect as notice sent to the individual.

2    *See* 20 C.F.R. §§ 422.210(c), 404.901, 416.1401, 404.1715(b) 416.1515(b).  Due process requires that

3    a claimant receive meaningful notice and an opportunity to be heard.  *Udd v. Massanari*, 245 F.3d

4    1096, 1099 (9th Cir. 2001).  If notice of the first Appeals Council decision not to review was not

5    adequately provided and plaintiff missed the opportunity to file a civil action seeking review of ALJ

6    Tyminski's decision because of it, plaintiff may have a colorable constitutional due process claim.

7         However, a constitutional claim is not "colorable" if it appears to be made solely for the

8    purpose of obtaining jurisdiction.  *Id.*  The Reply Brief contains the first instance of plaintiff's

9    assertion, "The claimant never received that denial issued by the Appeals Council from the 2005

10   decision." (Ct. Rec. 28 at 4.)  The record does not contain any  evidence or prior assertion by plaintiff

11   that the Appeals Council denial of review was not in fact received by plaintiff.[4]  The issue was not

12   raised before ALJ Duncan as part of the request to reopen, as the decision contains no discussion of

13   the issue and plaintiff does not argue that ALJ Duncan's decision contains an error with respect to a

14   due process claim.[5]  Because of these facts, the court concludes plaintiff's due process claim was

15   raised for the purposes of establishing jurisdiction under the constitutional exception to the general

16   rule that a decision not to reopen is not subject to court review.  Plaintiff's due process claim is not

17   "colorable" and is therefore without merit.  Alternatively, even if plaintiff's due process argument is

18   "colorable," the claim was been waived by failing to assert it before ALJ Duncan or elsewhere in the

19   record.

20        Furthermore, even if the claim is colorable, it is not adequately supported by the evidence.  A

21   claim may be "colorable" but also incorrect.  *Boettcher* at *id.*; *see Subia v. Comm'r Soc. Sec. Admin.*,

22   264 F.3d 899 (9th Cir. 2001).  Although plaintiff did not specifically argue the due process claim in

23

24        [4]*E.g., see Blackburn v. Astrue*, 2008 WL 2063698 (W.D. Wash.) (unreported opinion) (plaintiff

25   established a colorable due process claim when record showed documented difficulties receiving notice

26   from SSA and issue was raised before the Appeals Council).

27        [5]Obviously, by the time of the hearing before ALJ Duncan, plaintiff had received the second

28   Appeals Council decision as part of the record.  Indeed, the request to reopen the prior claims suggests

     an understanding that a final determination had been made on the prior claims.

     ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

her opening brief, she made factual assertions which could arguably be viewed as suggesting a due

process issue.[6]  Plaintiff's Memorandum in Support of Motion for Summary Judgment asserts:

> Sometime in 2008, the Appeals Council affirmed the unfavorable decision of
> December 5, 2005, however the date is uncertain.  A copy in the file does not reflect a
> date of signature, only a date that it was received by the Office of Disability
> Adjudication and Review in Spokane, that being May 29, 2008. . . . The Appeals
> Council determination of May 29, 2008, was sent to the claimant's address in New
> York, despite the fact that the record would establish that late in 2006, she had
> relocated to Central Washington.

(Ct. Rec. 22 at 11.)  While the record does suggest plaintiff had moved to Washington State by

December 21, 2006, the first record establishing SSA had record of the change of address is from

July 2007.[7]  (Tr. 210, 286.)  As plaintiff herself stated, the date of the Appeals Council ruling on the

December 5, 2005 ALJ decision is perhaps uncertain.[8]  The May 29, 2008 date stamp on the first

---

[6]*Rolen v. Barnhart* suggests that in addition to the allegation that a claimant lost benefits because

of a lack of due process, citation to arguably relevant case law helps establish a colorable due process

claim.  273 F.3d 1189, 1191 (9th Cir. 2001).  Plaintiff does not cite any case law discussing due process,

much less a case establishing a due process claim under facts similar to the case at hand.  (Ct. Rec. 22,

28.)  Plaintiff argues only generally that res judicata does not apply to due process principles.  (Ct. Rec.

28 at 3-5.)

[7] The last record establishing plaintiff was living in New York is a note from Dr. Tabrizi, located

in Utica, New York, stating that "Pt. was last seen at office on 10-31-06."  (Tr. 339.)  The first record

suggesting plaintiff had moved to Washington State is a DSHS Physical Evaluation form completed by

Dr. Martinez in Pasco, Washington on December 21, 2006.  (Tr. 283.)  A July 12, 2007 appointment

of representative form is the first indication that SSA had notice of plaintiff's Washington address.  (Tr.

210.)

[8]Plaintiff's reference to "[t]he Appeals Council determination of May 29, 2008" is  inconsistent

with her previous statement that the date of the Appeals Council decision is unclear.  (Ct. Rec. 22 at 11.)

The record is clear that May 29, 2008 is the date the Appeals Council decision was received in Spokane

and is not the date  the Appeals Council decision was entered.  Plaintiff's reply memorandum correctly

states that the first Appeals Council unfavorable decision was sent to her address in New York, but then

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

Appeals Council ruling  was the date it was received by ODAR in Spokane, Washington, not the date the decision was made by the Social Security office in Utica, New York.  (Tr. 29, 31.)  Thus, the Appeals Council decision was made before May 29, 2008.  The June 5 date stamp suggests the decision was made either June 5, 2006 or June 5, 2007. In either case, there is no evidence that SSA had notice of plaintiff's new address at the time of the decision.  Plaintiff is presumed to have received notice of the Appeals Council decision within five days of the date of the notice, either June 10, 2006 or June 10, 2007.  *See* 20 C.F.R. 422.210.  Furthermore, plaintiff's attorney of record was sent a copy of the notice, which is effective as notice to plaintiff.  (Tr. 31.)  *See* 20 C.F.R. § 404. 1715(b); *see also Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003).  Additionally, there is simply no indication in the record supporting a finding that neither plaintiff nor her attorney received the decision of the first Appeals Council.  Plaintiff's Reply Memorandum asserts a fact not established by the record as the sole basis for her due process argument.  (Ct. Rec. 28 at 4, "The claimant never received that denial issued by the Appeals Council from the 2005 decision.")  Plaintiff's constitutional claim, even if "colorable," is not adequately supported by the record and does not justify an exception to the general rule that the court does not review decisions not to reopen.

Plaintiff's other attacks on the Appeals Council's decision not to reopen plaintiff's previous DIB and SSI claims go to the merits of the decisions.  Because plaintiff's remaining complaints do not fall under the exception to the rule that the court will not review decisions to reopen, the court need not address the merits of the various arguments.  Since there is no convincing colorable constitutional claim, the Appeals Council's decision not to reopen the prior decisions is not subject to further review by the court.  The claim before the Appeals Council was fully favorable to plaintiff and was supported by substantial evidence.

---

asserts, "At this same time, the Social Security Administration had clear evidence that the claimant was no longer a resident of New York, but had in fact relocated to Washington State."  (Ct. Rec. 28 at 3-4.) Plaintiff fails to cite to the allegedly "clear evidence" that plaintiff had notified the SSA that she had relocated to Washington State at the time the Appeals Council notice was likely mailed.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CONCLUSION

Having reviewed the record and the findings of the Appeals Council, this court concludes the Appeals Council's decision dated September 25, 2009 is supported by substantial evidence and is not based on error.

Accordingly,

**IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment **(Ct. Rec. 25)** is **GRANTED.**

2.    Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant.  Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED April 6, 2011

S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12